**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Barry Michaels, | ) |
| | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:15-cv-0642-GMN-NJK |
| vs. | ) **ORDER** |
| Florida Coastal School of Law, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pending before the Court is Defendant Florida Coastal School of Law's Motion to Dismiss, (ECF No. 7), to which *pro se* Plaintiff Barry Michaels responded in opposition, (ECF No. 13).[1]  For the reasons stated herein, the Court will grant Defendant's Motion and dismiss this case for lack of subject matter jurisdiction.[2]

## I.     BACKGROUND

This action centers upon allegations that Defendant incorrectly administered a multiple-choice exam and thereby prevented Plaintiff from admission to Defendant's law school. (Compl., ECF No. 1).  Specifically, Plaintiff alleges that he enrolled in Defendant's online pre-admission program in January 2014. (*Id.* ¶¶ 9-11).  The terms of

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] *Pro se* Plaintiff also filed a Motion to Strike, (ECF No. 13), claiming that the Court should not consider the Motion to Dismiss because Defendant's counsel had not received authorization to practice in this district prior to filing the Motion.  However, because the Motion to Dismiss was Defendant's counsel's first filing in this case, and because the Motion contained the statement of compliance required by Local Rule IA 10-2, the Court finds that it was properly filed.  Accordingly, *pro se* Plaintiff's Motion to Strike will be denied.

this pre-admission program provided that any student who, *inter alia*, obtained a grade of 2.0 or higher in two five-week courses would be admitted to Defendant's full-time J.D. program. (*Id.* ¶ 15).

During one of his final exams, Plaintiff alleges that a printed test booklet given to him by Defendant listed the exam questions in a different order than his online answer sheet. (*Id.* ¶ 23).  Plaintiff claims that this discrepancy caused him to lose time on the exam, and resulted in his failing the course. (*Id.* ¶¶ 31-32).  Subsequently, Plaintiff was denied admission to Defendant's law school. (*Id.* ¶ 37).

Based on these allegations, Plaintiff filed a small claims complaint in Las Vegas Justice Court on January 12, 2015. (Ex. 1 to Def.'s Mot. pp. 9-13, ECF No. 7).  On the first page of his small claims complaint, Plaintiff stated that he was damaged in the amount of $7,500. (*Id.* p. 9).  On March 4, 2015, the Las Vegas Justice Court dismissed Plaintiff's small claims complaint for lack of proper service. (Ex. 2 to Def.'s Mot. p. 18, ECF No. 7).

On April 7, 2015, Plaintiff filed the Complaint in this case, which is based upon the same allegations as Plaintiff's small claims complaint.  The Complaint sets forth causes of action for (1) negligence, (2) breach of contract, (3) fraud, and (4) intentional infliction of emotional distress. (Compl. ¶¶ 39-56).  The Complaint does not state an amount that Plaintiff seeks to recover for his alleged injuries.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction.  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may take one of two forms. *Thornhill*

*Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  It may be a "facial" challenge or it may be a "factual" challenge. *Id.*  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Alternatively, "A factual challenge relies on affidavits or any other evidence properly before the court to contest the truth of the complaint's allegations." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014).  When a factual challenge is asserted, the Court need not presume the truthfulness of the allegations in the complaint. *See Meyer*, 373 F.3d at 1039; *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003).

 "District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." *See Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citing 28 U.S.C. § 1332(a)). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

## III.   ANALYSIS

In its Motion to Dismiss, Defendant claims that it is evident both from the face of the instant Complaint and from Plaintiff's previous small claims complaint that the

amount in controversy does not exceed $75,000.  Indeed, the Complaint in this action fails to assert any particular amount which Plaintiff believes he is entitled to recover. Furthermore, the small claims complaint, which Plaintiff affirmed under penalty of perjury, stated that Defendant owed Plaintiff only $7,500. (Small Claims Complaint, Ex. 1 to Def.'s Mot. p. 9, ECF No. 7).

Without offering any supporting evidence, Plaintiff contends that the amount-in-controversy requirement is satisfied in this case, and states he previously claimed to have suffered only $7,500 in damages because that was the maximum amount allowed pursuant to the jurisdictional rules of the Las Vegas Justice Court. (Pl.'s Resp. ¶¶ 9-10, ECF No. 13).  Plaintiff also points out that the cover sheet submitted with his Complaint in this action states that he is seeking $75,000. (Cover Sheet, ECF No. 1-1).  However, the Court need not assess Plaintiff's prior sworn statement that his damages are only $7,500 or the cover sheet's indication that Plaintiff has been damaged in the exact amount of $75,000, because neither of these values *exceeds* $75,000, which is required for the Court to exercise jurisdiction. *See, e.g.*, *Crum*, 231 F.3d at 1131.  Therefore, because the Complaint is silent as to the amount of damages at issue, and all of the evidence in the record indicates that Plaintiff has not suffered damages in excess of $75,000, the Motion to Dismiss will be granted.[3]

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 7), is **GRANTED**.

///

///

---

[3] Because Plaintiff has failed to carry his burden as to the amount in controversy, the Court need not determine whether complete diversity exists between Plaintiff and Defendant.

**IT IS FURTHER ORDERED** that *pro se* Plaintiff's Motion to Strike, (ECF No. 13), and Motion for Default Judgment, (ECF No. 14), are **DENIED**.  The Clerk shall enter judgment accordingly and close the case.

**DATED** this 11th day of September, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court